IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| KENNETH MARTIN GLENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 316-029 |
| | ) |
| CERT. TEAM MEMBERS O'NEAL, | ) |
| Unit Manager, Johnson State Prison; | ) |
| GEORGIA DEPARTMENT OF | ) |
| CORRECTIONS; MRS. WICKER- | ) |
| HUMPHRIES, Counselor, Johnson | ) |
| State Prison; and SERGEANT JEFFREY | ) |
| WIGGINS, | ) |
| | ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se*. Presently before the Court is Plaintiff's motions for a preliminary injunction. (Doc. nos. 18, 22.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions be **DENIED**.

**I.     DISCUSSION**

Plaintiff alleges officials at his current place of imprisonment, ASMP, refuse to give him his required mental health medication. (See generally doc. nos. 18, 22.) He states he is prescribed 300 mg of Trazodone, 45 mg of Remeron, and an unstated amount of Zoloft each night, but in retaliation for filing grievances, prison medical officials are withholding his

prescribed medication. (Id.) Plaintiff asks the Court to order prison officials to give him his medication as prescribed. (Id.; see also doc. no. 22.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff cannot show a likelihood of success on the merits. In his complaint, Plaintiff alleges wrongdoing exclusively by officials at Johnson State Prison ("JSP"). (Doc. no. 1.) In his Amended Complaint (doc. no. 15) and later Motion to Amend Complaint (doc. no. 17), Plaintiff adds claims against officials at Georgia Diagnostics and Classification Prison ("GDCP").

In contrast, however, all allegations made in his motion for a preliminary injunction are directed against prison officials at ASMP in Grovetown, Georgia, who are not parties to this civil action. There is no possibility of Plaintiff succeeding on the merits of his current allegations as to these Defendants, who have no involvement in his medical care at ASMP. This Court does not have authority to direct ASMP officials to take any action since they are not parties. See Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 925 (11th Cir. 2003) ("[A]n individual or entity is

not obliged to engage in litigation unless [officially] notified of the action . . . under a court's authority, by formal process.") (internal quotations omitted).

I. **CONCLUSION**

The Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for injunctive relief be **DENIED**. (Doc. nos. 18, 22.) If Plaintiff wishes to pursue relief against ASMP officials for their acts and omissions, he must do so by exhausting his administrative remedies and, if unsuccessful in that process, filing a separate civil action against ASMP officials in the Augusta Division of this Court.

SO REPORTED and RECOMMENDED this 9th day of September, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA