IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KENNETH MARTIN GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-029 |
| | ) | |
| CERT. TEAM MEMBERS O'NEAL, Unit Manager, Johnson State Prison; GEORGIA DEPARTMENT OF CORRECTIONS; MRS. WICKER-HUMPHRIES, Counselor, Johnson State Prison; and SERGEANT JEFFREY WIGGINS, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, has filed the above captioned case *pro se*. For the reasons set forth below, the Court **DENIES** Plaintiff's motions requesting the Court order ASMP to provide copies (doc. nos. 9, 10, 21), **DENIES** Plaintiff's motion for defendants to answer complaint (doc. no. 12), **DENIES** Plaintiff's motions to appoint counsel (doc. nos. 13, 16), **DENIES** Plaintiff's motion for miscellaneous relief (doc. no. 20), and **DENIES AS MOOT** Plaintiff's motions to amend/correct complaint (doc. nos. 14, 17). The Court **ORDERS** Plaintiff, on or before September 26, 2016, to submit a single amended complaint on the standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia with no more than six handwritten pages attached.

**I.     BACKGROUND**

The defendants named in Plaintiff's original complaint work at Johnson State Prison ("JSP").[1] (Doc. no. 1.) Plaintiff requests government protection due to his belief he will be killed for standing up to Defendant O'Neal. (Id.) Plaintiff alleges there is an extortion ring in the prison, and he has been assaulted, threatened for filing medical grievances, and injected with staphylococcus. (Id.) Following the filing of this complaint and Plaintiff's payment of the $400 filing fee, the Court sent instructions to Plaintiff on how to proceed *pro se* and attached the forms necessary for effecting service. (Doc. no. 8.)

On August 1, 2016, Plaintiff filed a motion to amend his complaint and simultaneously submitted an amended complaint. (Doc. nos. 14, 15.) His amended complaint includes a rambling chronicle of a string of events covering alleged excessive force and assaults at Georgia Diagnostics and Classification Prison ("GDCP"), denial of proper medical and psychiatric treatment at JSP, and denial of due process regarding grievances filed at both JSP and GDCP. (Doc. no. 15.) Plaintiff also added defendants from GDCP not previously named in his complaint and attached 210 pages of exhibits. (Id.) Plaintiff later filed another motion to amend seeking to add "three pages . . . right behind the Original Grievence [sic] in my papers I have sent you already." (Doc. no. 17.)

In addition to these motions to amend, Plaintiff filed three motions requesting the Court order ASMP to make copies for him (doc. nos. 9, 10, 21), a motion requesting the Court order Defendants to respond to his complaint (doc. no. 12), a motion for miscellaneous

relief reiterating requests made elsewhere (doc. no. 20), and two motions requesting appointment of counsel (doc. nos. 13, 16).

## II. DISCUSSION

### A. The Prison Should Not Be Ordered to Make Copies.

Plaintiff requested the Court order ASMP to make copies for him of documents relevant to his case. (Doc. nos. 9, 10.) Plaintiff is not entitled to force the prison to make copies in furtherance of this litigation. As the Court explained in its Order dated June 21, 2016, Plaintiff can obtain copies from the Clerk of Court at the standard cost of fifty cents ($.50) per page. (Doc. no. 8, p. 5.) Petitioner need only send the money and the list of copies he wants directly to the Clerk. Accordingly, the Court **DENIES** Plaintiff's motions for an order to have the prison make copies. (Doc. nos. 9, 10, 21.)

### B. Plaintiff Should Not Be Appointed Counsel.

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues).

---

[1] Plaintiff's "complaint" is actually a generally addressed letter (doc. no. 1, p. 1) with another letter to Governor Nathan Deal attached (doc. no. 1, pp. 2-7).

Here, Plaintiff fails to show "exceptional circumstances" exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff gives the following arguments for why he requires counsel: (1) his lack of training as a lawyer and inability to cross-examine witnesses; (2) the factual and legal complexity of his case; (3) the likelihood of prison staff interfering with his ability to carry on his case *pro se*; (4) the meritorious nature of his case; (5) his inability to investigate the facts sufficiently; (6) his inability to procure a lawyer on his own; and (7) his medical issues which prevent him from carrying on his case *pro se*. (See doc. nos. 13, 16.) Contrary to Plaintiff's assertions, his case is not complex. In addition, Plaintiff has failed to show he will not be able to utilize the tools of discovery to present his case to the Court. Plaintiff's claim the prison staff will interfere with his ability to carry on his case by destroying important documents and refusing to give him mail is belied by Petitioner's ability to present this Court with more than 200 documents in support of his claim. None of the circumstances Plaintiff complains of have prevented him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). In fact, Petitioner has been able to adequately explain his current claims and file motions in this Court. Accordingly, the Court **DENIES** Plaintiff's motions to appoint counsel. (Doc. nos. 13, 16.)

### C. Defendants Should Not Be Ordered to Answer the Complaint.

Because Plaintiff has paid the filing fee and is proceeding *pro se*, the Court provided him with some basic instructions regarding the development and progression of this case.

(Doc. no. 8.) Because Plaintiff had paid the filing fee, he is responsible for serving Defendants and failing to do so within the time limits set by Fed. R. Civ. P. 4 may result in the dismissal of individual Defendants or the entire case.[2] (Id. at 1-3.) Here, the record does not reflect that Plaintiff has effected service on any Defendant, and thus, no attorney has made an appearance on behalf of any Defendant. Therefore, unless Plaintiff effects service on Defendants, they have no obligation to respond to Plaintiff's complaint. See Fed. R. Civ. P. 12(a)(1) (requiring a defendant to answer "within 21 days after being served with the summons and complaint" or, if it has timely waived service, "within 60 days after the request after the request for a waiver was sent . . . ."). Accordingly, the Court **DENIES** Plaintiff's motion for Defendants to answer complaint. (Doc. no. 12.)

### D. Plaintiff Should Be Allowed to Amend His Complaint.

Since no responsive pleading has been served, Plaintiff may amend his complaint once as a matter of course, Fed. R. Civ. P. 15(a), and his current motions to amend are **MOOT**. (Doc. nos. 14, 17.) However, a plaintiff may not amend his complaint in a piecemeal manner by simply continuing to add new claims in separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Indeed, taken together, Plaintiff's thirteen-page complaint, eighteen-page amended complaint with two hundred thirteen pages of attachments, and three-page motion to amend with three pages of attachments amount to the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001) ("[S]hotgun

---

[2] The Court **DIRECTS** the Clerk to attach a copy of Fed. R. Civ. P. 4 to Plaintiff's copy of this Order.

pleadings, if tolerated, harm the court by impeding its ability to administer justice."), *abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure").

Moreover, it is well settled that a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*). As recognized by the Eleventh Circuit Court of Appeals in analyzing the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); Tarver v. Owens, 5:14-CV-214, 2014 WL 3810594, at *4 (M.D. Ga. Aug. 1, 2014) (same).

Here, the connection between Plaintiff's descriptions of alleged mistreatment at JSP, JDP and ASMP is not apparent because of the rambling nature of the description of events in the complaint and the piecemeal manner in which he has submitted his amendments. Moreover, as ASMP is located in Grovetown, Georgia, it is within the Augusta Division of the Southern

District, and GDCP, located in Jackson, Georgia, is located in the Middle District of Georgia. Thus, if Plaintiff has unrelated claims against individuals located at JSP, GDCP and ASMP, he must bring his claims in three separate lawsuits. The case against any individual at ASMP should be filed in the Augusta Division, while claims against individuals at JSP would remain in this case in the Dublin Division. The case against individuals at GDCP should be filed in the Middle District of Georgia.

The Court recognizes, however, that Plaintiff is proceeding *pro se* and therefore will give him an opportunity to attempt to cure his pleading deficiencies by amending his complaint. Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his related allegations in one document, within fourteen days of the date of this Order. Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the instructions in this Order. The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

### III. INSTRUCTIONS

The amended complaint must be printed legibly so that the Court may discern

Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[3] Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint. Furthermore, Plaintiff **should not** attach all 210 pages of exhibits he attached to his original amended complaint. (Doc. no. 15.) Plaintiff should only attach

---

[3]For example, Plaintiff should not simply state, "See attached documents."

those exhibits that directly support specific allegations in his newly amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all related claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motions requesting the Court order ASMP to provide copies (doc. nos. 9, 10, 21), **DENIES** Plaintiff's motion for defendants to answer complaint (doc. no. 12), **DENIES** Plaintiff's motions to appoint counsel (doc. nos. 13, 16), **DENIES** Plaintiff's motion for miscellaneous relief (doc. no. 20), and **DENIES AS MOOT** Plaintiff's motions to amend/correct complaint (doc. nos. 14, 17). The Court **ORDERS** Plaintiff, on or before September 26, 2016, to submit a single amended complaint on the standard form complaint used by incarcerated *pro se* litigants in the Southern

District of Georgia with no more than six handwritten pages attached.

SO ORDERED this 9th day of September, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA