IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KENNETH MARTIN GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-029 |
| | ) | |
| MRS. K. WILLIAMS, Chief Counselor; | ) | |
| MRS. WICKER HUMPHRIES, Counselor; | ) | |
| MRS. PRICE, Deputy Warden; JEFFREY | ) | |
| WIGGINS, Sergeant; MRS. PERRY, Mental | ) | |
| Health Counselor; JOHNSON STATE | ) | |
| PRISON'S PSYCHIATRIC TREATMENT | ) | |
| PROVIDER; and JOHN OR JANE DOE, | ) | |
| Director of Johnson State Prison's Psychiatric | ) | |
| Provider, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

*Pro se* Plaintiff, formerly incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Before the Court are Plaintiff's Motion to Reinstate Defendants (doc. no. 61) and Motion for Extension of Time (doc. no. 62).

The Court **DENIES** Plaintiff's Motion to Reinstate Defendants. (Doc. no. 61.) Contrary to Plaintiff's contention, these Defendants were not "dropped" from the case for lack of service. Rather, the Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. §1915A, and found that Plaintiff failed to state a claim upon which relief could be granted for (1) denial of due process by denying his grievances against Defendants Williams,

Wicker-Humphries, Emmons, Price, and Baker; (2) terroristic threats against Defendant O'Neal; (3) ordering gang members to assault him and inject him with staph infection against Defendant O'Neal; (4) Eighth Amendment claim for deliberate indifference to his safety against Defendants Williams, Emmons, Price, O'Neal, and Jefferson; (5) Eighth Amendment claim for deliberate indifference to his back injury, wrists and hands injury, hemorrhoids, and staph infection against Defendants Price, JSP Medical Provider, John Doe JSP Medical Director, Jefferson, Andrews-Bodi, and Nurse Brian Doe; (6) failure to enforce prison cell phone regulations against Defendants James Doe Deputy Warden of Security and James Doe person in charge of security; (7) supervisory liability claims against Defendant Price; and (8) all claims against Defendants Nathan Deal and Homer Bryson. (Doc. nos. 31, 39.) As a result, the Court dismissed Defendants Emmons, Baker, O'Neal, James Doe Deputy Warden of Security, James Doe in charge of security, JSP Medical Provider, John Doe JSP Medical Director, Jefferson, Andrews-Bodi, Nurse Brian Doe, Deal, and Bryson from this case. (Id.) Accordingly, the Court will not reinstate Defendants properly dismissed from this case.

The Court likewise **DENIES** Plaintiff's Motion for Extension of Time. (Doc. no. 62.) As the Court previously informed Plaintiff, the Court will not grant blanket extensions on all deadlines. (See doc. no. 47, p. 1.) However, in the interest of justice and efficiency, the Court will briefly provide Plaintiff with information on the procedural posture of the case and instructions on how he must proceed.

On May 17, 2017, in response to Plaintiff's allegations all of his papers were taken by Warden Scott Wilkes and his request for a ninety-day extension, the Court directed the United States Marshal to serve remaining Defendants with the complaint and summons for claims of (1)

2

retaliatory punishment for filing grievances against Defendants Williams and Wicker-Humphries; (2) excessive force against Defendant Wiggins; and (3) deliberate indifference to psychiatric needs against Defendants Perry, Price, JSP Psychiatric Provider, and Director of JSP Psychiatric Provider. (Doc. no. 51, pp. 2-3; doc. no. 33, p. 6.) The Court explained to Plaintiff that it was his responsibility to provide sufficient information for the Marshal to identify and locate Defendants to timely effect service within 90 days of the Court's March 20th Order. (Doc. no. 51, p. 3 (citing Fed. R. Civ. P. 4(m).) The Court also informed Plaintiff that any Defendant not timely served within this 90-day period may be dismissed. (Id.) Defendants Wicker-Humphries, Perry, Price, and Williams have all waived service and filed an answer to Plaintiff's amended complaint. (Doc. nos. 54, 56, 57, 58, 60.)

The Marshal attempted to effect service upon John or Jane Doe, Director of JSP's Psychiatric Provider, and JSP's Psychiatric Treatment Provider but was unable to do so. Based on Plaintiff's amended complaint, they were able to identify and name four possible individuals and psychological providers who possibly provided Plaintiff with psychological treatment while he was incarcerated at JSP but were unable to verify the Defendants Plaintiff intends to sue.[1] (See Exhibit A; doc. no. 52; Exhibit B; doc. no. 59.) The Court previously instructed Plaintiff in its May 31, 2017, Order to "provide enough specific information to adequately identify [John or Jane Doe], file an amended complaint to correct the name of [John or Jane Doe] with correct identifying contact information, or file a voluntary dismissal of [John or Jane Doe]." (Doc. no. 53.)

---

[1]The **CLERK** is **DIRECTED** to attach the returns of service, (doc. nos. 52, 59), to Plaintiff's copy of this Order as Exhibits A & B.

3

Accordingly, consistent with this Court's May 17th and May 31st Orders, Plaintiff must, **within fourteen (14) days from the date of this Order**, either provide enough specific information to adequately identify Defendants John or Jane Doe, Director of JSP's Psychiatric Provider, and JSP's Psychiatric Treatment Provider, file an amended complaint to correct the name of these defendants with correct identifying contact information, or file a voluntary dismissal of these defendants. Should Plaintiff not respond, the Court will recommend dismissal of these defendants without prejudice for failure to effect service.

Furthermore, the ninety-day period for service expired on August 15, 2017. However, as the United States Marshal indicated, they mailed Defendant Wiggins a notice and waiver of service on July 19, 2017, and his time to waive service has not yet expired. Accordingly, the Court **EXTENDS** the deadline for service until October 2, 2017, in order to ensure all Defendants are properly served.

Finally, Plaintiff indicates a possible desire to dismiss his case without prejudice and refile his case. (See doc. no. 62, pp. 2-3.) While the Court cannot give Plaintiff any legal advice on the ramifications of such a course of action, he may file a motion with the Court to dismiss the present case without prejudice and attempt to file a new suit regarding the same claims if he wishes.

SO ORDERED this 25th day of August, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA