IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

KENNETH MARTIN GLENN,             )
                                  )
    Plaintiff,                    )
                                  )
    v.                            )   CV 316-029
                                  )
MRS. K. WILLIAMS, Chief Counselor; )
MRS. WICKER HUMPHRIES, Counselor; )
MRS. PRICE, Deputy Warden; JEFFREY )
WIGGINS, Sergeant; MRS. PERRY, Mental )
Health Counselor; JOHNSON STATE   )
PRISON'S PSYCHIATRIC TREATMENT    )
PROVIDER; and JOHN OR JANE DOE,   )
Director of Johnson State Prison's Psychiatric )
Provider,                         )
                                  )
    Defendants.                   )

**ORDER**

Plaintiff's commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and paid the $400.00 filing fee. (Doc. no. 1.) The Court screened Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, and ordered service to commence on Defendants Williams, Wicker Humphries, Wiggins, Perry, Price, JSP Psychiatric Provider, and Director of JSP Psychiatric Provider. (Doc. no. 33.) Defendants Wicker Humpries, Perry, Price, and Williams filed their answer on July 20, 2017. (Doc. no. 60.) Presently before the Court is Plaintiff's Motion for Brand New Lawsuit and Motions to Drop Lawsuit, in which Plaintiff seeks to voluntarily dismiss his § 1983 case in its entirety and "start all over from the beginning." (Doc. nos. 64, 67, 68.)

Under Fed. R. Civ. P. 41(a)(1), an action may be voluntarily dismissed without a court order at any time prior to service of an answer or motion for summary judgment, whichever is filed first, or by filing a stipulation of dismissal signed by all parties who have appeared in the action. Here, the record reflects Defendants have filed an answer to Plaintiff's amended complaint, and Plaintiff did not file a stipulation of dismissal signed by Defendants. Thus, Plaintiff must obtain a court order to dismiss his § 1983 lawsuit. See Fed. R. Civ. P. 41(a)(2).

Under Fed. R. Civ. P. 41(a)(2), an action may be dismissed at Plaintiff's request by order of the court, upon such terms and conditions as the court deems proper. The district courts "enjoy broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (citing McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986)). A dismissal under this section is without prejudice. Fed. R. Civ. P. 41(a)(2).

Further, "[i]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." Pontenberg, 252 F.3d at 1255 (quoting McCants, 781 F.2d at 856-57) (emphasis in original). Although answers have been filed by all Defendants, discovery has not commenced nor have Defendants expended considerable resources in defending this suit. Accordingly, the Court finds Defendants will not be prejudiced by dismissal of the case at this early stage in the proceedings.

Therefore, the Court finds it is appropriate to dismiss the case pursuant to Plaintiff's motions. However, Plaintiff should note that, while a subsequent § 1983 lawsuit will not be barred purely by virtue of the dismissal of this action, any future lawsuit he files will be subject to all statutory provisions applicable to such actions, including the provisions of the PLRA and the applicable statute of limitations. See 42 U.S.C. § 1997e; Flowers v. Fulton Cty. Sch. Sys., 654 F. App'x 396, 401 (11th Cir. 2016) (citing Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986)) ("[Section] 1983 claims filed in Georgia are governed by the same two-year statute of limitations for personal-injury actions").

Accordingly, the Court **GRANTS** Plaintiff's Motion for a Brand New Lawsuit (doc. no. 64) and Motions to Drop Lawsuit (doc. nos. 67, 68), and **DISMISSES** this case without prejudice. Should Plaintiff wish to pursue these claims, he must file a new lawsuit and either pay the initial fee or seek leave to proceed *in forma pauperis*.

SO ORDERED this 11th day of October, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

3